## PHILLIPS PETROLEUM CO. et al. v. RECORD et al.

### No. 10885.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1944.

---

Rayburn L. Foster, Don Emery, and R. B. F. Hummer, all of Bartlesville, Okl., and E. H. Foster, Warren M. Sparks, and R. S. Trippet, all of Amarillo, Tex., for appellants.

Riley Strickland, of Amarillo, Tex., for appellees.

Before HUTCHESON and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

The case out of which this appeal grows, though tried at a different time and to a different jury, was tried by the same judge, in substantially the same way, and on substantially the same general charge, as Ochsner's case,[1] this day decided. The verdict as in Ochsner's case, was based not on the market value of the gas at the well but on evidence having no relation thereto. Unless, then, there are differences between this case and that, which require a different result, the judgment in this case must, for the reasons given there, be reversed and the cause remanded for a determination of the amount due plaintiffs in accordance with the opinion in that case. A careful examination of the record discloses no such difference. It is true that the royalty provision [2] of the lease in this case is somewhat differently worded, and it is true that for one year of the time sued for, gas was taken from the well directly into, and processed in, defendant Phillips' gasoline plant. Neither of these differences, however, is important here. As to the gas run directly into defendant's plant for the manufacture of gasoline, the lease expressly provides that it should be paid for at the prevailing market rate for gas. As to that exchanged with the pipe line company for gas run by defendant into, and processed in its Pampa gasoline system, the provision of the lease, to "pay lessor one-eighth of the gross proceeds * * * for the gas * * * while the same is being used off the premises", obligated the defendant to pay the market value and no more. The district judge construed it as a market value provision in his charge, and the appellees did not except to it. If, however, the district judge was wrong in this, and appellees, though not excepting, could now question it, this would not advantage them, for the gas which defendant got in exchange for, and, therefore, as proceeds of, plaintiffs' gas, was gotten for and applied to the same use, to be processed in a gasoline plant, and its market value for that use was no greater than, if as great as, that from plaintiffs' well. The argument to which appellees devote a good portion of their brief, that the provision for payment to them of one-eighth of the gross proceeds of the gas from their well entitled them to receive not one-eighth of the market value of the gas received in exchange but one-eighth of the market value of the products manufactured from that gas, will not at all do.[3] The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

---

[1] Phillips Petroleum Co. v. Ochsner, 5 Cir., 146 F.2d 138.

[2] "2nd. To pay lessor one-eighth of the gross proceeds each year, payable quarterly, for the gas from each well where gas only is found, while the same is being used off the premises, and if royalty of one-eighth payable monthly at used in the manufacture of gasoline a the prevailing market rate for gas."

[3] Danciger Oil & Refineries v. Hamill, 141 Tex. 153, 171 S.W.2d 321. Cf. Kretni Development Co. v. Consolidated Oil Corp., 10 Cir., 74 F.2d 497.